# Lake Shore & M. S. R. Co. v. Hession, Administratrix, etc.

1. RECORD—*Stipulation as to Bill of Exceptions.*—Under Sec. 68, Chap. 53, R. S., entitled " Fees and Salaries," the original bill of exceptions, instead of a copy, may be incorporated in the transcript of the record for this court, only when it is so agreed.

2. RECORD—*Stipulation to Incorporate the Bill of Exceptions in the Record.*—A stipulation which provides that "the original bill of exceptions, instead of a copy, may be used in making up the record," is merely to the effect that in making up the record of the lower court the original may be used. There is nothing to indicate that it was the agreement of the parties that the original should be incorporated in the transcript for the Appellate Court, and without such an agreement, it has no place in the Appellate Court.

Memorandum.—Case. In the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Declaration, death by negligent act; plea of not guilty; trial by jury; verdict and judgment for

plaintiff; appeal by defendant.   Heard in this court at the October term, 1893, and affirmed.   Opinion filed February 1, 1894.

The statement of facts is contained in the opinion of the court.

GARDNER & McFADON, and PLINY B. SMITH, attorneys for appellant.

CASE, HOGAN & CASE, and FREDERICK A. MITCHELL, attorneys for appellee.

OPINION OF THE COURT, SHEPARD, P. J.

The appellee's decedent was killed on October 9, 1890, at the crossing of Fifty-first street, a public highway in Chicago, by the appellant's railroad, by there being run down by one of appellant's locomotives.   Fifty-first street is crossed by a large number of tracks belonging to appellant, and at the point where the killed man was struck, he was more than 100 feet from the westernmost track and about half that distance from the easternmost track.

There was evidence tending to show that the locomotive which produced the killing was running at an excessive rate of speed, that its bell was not being rung as it should have been, and that the crossing gates were not closed, and the question of negligence was the main one on the trial.

Under the circumstances, as found to exist, we can not say that the damages are excessive, nor can we say from such inspection as we have given the evidence, that the court and jury were not warranted in finding adversely to the appellant on the question of negligence.

We think, therefore, it would be our duty to sustain the judgment, even though we were at liberty to most critically examine the record, including the bill of exceptions.   But if we thought otherwise, we should nevertheless have to affirm the judgment, because the bill of exceptions is no part of the record in this court under the stipulation entered into between counsel.

The original bill of exceptions, instead of a copy, may be incorporated in the transcript of the record for this court

only when it is so agreed.    Hurd's Rev. Stat. 1891, Sec. 68, Chap. 53, entitled "Fees and Salaries."

The stipulation accompanying the original bill of exceptions is that " the original bill of exceptions instead of a copy may be used in making up the record in the above entitled cause."

The stipulation is entitled in the cause in the Circuit Court, and is merely to the effect that in making up the record of that court the original may be used.    There is nothing to indicate that it was the agreement of the parties that the original should be incorporated in the transcript for this court, and without such an agreement it has no place here.

This question has been repeatedly passed upon by this court, and always the same way.    Overman v. Coal Company, No. 913, filed January 11, 1894,) and prior cases therein referred to.

The judgment of the Circuit Court will be affirmed.